# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

In the matter of the seizure of:

$30,100 in United States currency.

Case No. 23-SW-00217-WBG

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEIZURE WARRANT

I, Brandon Soles, being first duly sworn, state as follows:

### AGENT BACKGROUND AND QUALIFICATIONS

1. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA") and have been for three years. In that capacity, I have assisted in the investigation of multiple cases involving illegal drugs, controlled substances, and proceeds from the sale of controlled substances. I have received extensive training from experienced DEA SAs and other narcotics officers in the investigation of major drug traffickers. I was assigned to the Kansas City Interdiction Task Force in January 2021. I was formerly assigned to the Kansas City Metropolitan Strike Force. As a DEA SA, my duties include the investigation of violations of federal law concerning the transportation, importation, manufacture, possession, and distribution of controlled substances as defined by Title 21, United States Code, including marijuana, methamphetamine, cocaine, heroin, fentanyl, and other illegal drugs.

2. I have also received training specific to financial investigations. This training includes financial investigations seminars presented by the Money Laundering and Asset Recovery Section of the United States Department of Justice. As a result, I have an understanding of all aspects of money laundering, which includes bulk cash smuggling. Since my assignment with the DEA, I have received several hours of training specific to conducting interdiction investigations. This training has primarily come via the Domestic Highway Enforcement initiative. This training

has provided me with knowledge of the most current trends and legal concerns surrounding narcotics and bulk cash smuggling.

3. This affidavit is submitted for the limited purpose of establishing probable cause for the requested warrant. I have not set forth each and every fact known to me concerning this investigation. Rather, I have included those facts that I believe are sufficient to establish probable cause. The information contained in this affidavit is based upon my training, experience, and knowledge of this investigation, as well as information conveyed to me by other law enforcement personnel.

## PURPOSE OF AFFIDAVIT

4. I submit this affidavit in support of an application for a seizure warrant for $30,100 in United States currency, located within a parcel seized by a Kansas City, Missouri Police Department ("KCPD") detective conducting interdiction investigations at the FedEx sort facility at 6098 East Front Street, Kansas City, Missouri, on May 3, 2023. The United States currency is currently located at the KCPD's Property and Evidence Section, 2645 Brooklyn Avenue, Kansas City, Missouri, which is within the Western District of Missouri.

5. Based on the facts set forth in this affidavit, I submit that probable cause exists to believe that the $30,100 in United States currency constitutes or is derived from proceeds of illegal drug distribution, or was used or intended to be used to facilitate illegal drug distribution, in violation of 21 U.S.C. § 841, *et seq.*, and constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, or all money used or intended to be used to facilitate a violation of 21 U.S.C. § 841, *et seq.* and therefore and is subject to forfeiture pursuant to 21 U.S.C. §§ 853 (criminal forfeiture) and 881(a)(6) (civil forfeiture).

2

## PROBABLE CAUSE

### Investigators Identify the Parcel

6. On May 3, 2023, KCPD Detective Antonio Garcia was conducting interdiction activities at the FedEx sort facility located at 6098 East Front Street, Kansas City, Missouri. FedEx is a private company. The FedEx sort facility is a warehouse that sorts inbound and outbound parcels for the greater Kansas City metropolitan area and surrounding cities.

7. While working, Detective Garcia located a white cardboard FedEx box (hereinafter the "parcel"). The label on the parcel showed that it was shipped by "Kalin Lenoir, 2719 N 28th St, Kansas City, KS 66104," with a phone number of (816) 982-3798. The label listed the recipient as "David Smith, 3006 S Vermont Ave, Apt 200, Los Angeles, CA 90007," with a phone number of (000) 000-0000. The tracking number for the parcel was 3978 3797 4658. The parcel weighed approximately 1.90 pounds and measured 8-3/4 x 4-3/8 x 11-5/16 inches in size.

8. Detective Garcia noticed that the parcel was sealed with what appeared to be clear glue, coming from the top and bottom seams of the parcel. Based on his training and experience, Detective Garcia knew this method of sealing to be a common attempt by drug and money traffickers to conceal the odor of illegal narcotics. Based on his training and experience, Detective Garcia further knew that the parcel's listed destination city—Los Angeles, California—was a "source city" for illegal narcotics.

9. Detective Garcia subsequently conducted a search of the sender's name ("Kalin Lenoir") in a law enforcement database. The search revealed that Lenoir had a criminal drug history, including a felony conviction for conspiracy to sell cocaine and a felony arrest for possession of opiates. Detective Garcia then called the phone number for Lenoir listed on the parcel's label. An unidentified male answered, and Detective Garcia asked to speak with Lenoir.

3

When the unidentified male asked who was calling, Detective Garcia identified himself as a detective. At that point, the unidentified male told Detective Garcia that he (Detective Garcia) had the wrong number and ended the call.

10. Based on these observations, searches, and the aforementioned phone call, Detective Garcia had his narcotics-detecting canine, Zeus, conduct a canine sniff of the parcel. Detective Garcia placed the parcel with a group of four unrelated parcels and deployed Canine Zeus to conduct an open-air sniff of the parcels. When Canine Zeus came into contact with the parcel, he immediately sat down, which, based on his training and experience, Detective Garcia recognized as a positive alert to the odor of narcotics in or about the parcel.

11. Canine Zeus is a four-year-old German Shepherd trained and certified to alert to the odor of marijuana, cocaine, methamphetamine, and heroin. Canine Zeus was most recently certified on March 29, 2023, by the National Canine Police Association. Canine Zeus has assisted in the seizure of 13,192.1 pounds of marijuana, 2,844 pounds of tetrahydrocannabinol ("THC") oil, 544.4 pounds of methamphetamine, 2,456 tablets of ecstasy, 189.1 pounds of cocaine, 54.8 pounds of heroin, 63.9 pounds of fentanyl, 291,132 tablets of fentanyl, five gallons and two quarts of phencyclidine ("PCP"), and $2,536,490 in United States currency.

12. Detective Garcia subsequently informed FedEx management that Canine Zeus had alerted to the parcel, and management voluntarily relinquished the parcel to the custody of KCPD. Detective Garcia then transported the parcel to the KCPD Drug Trafficking Unit and secured the parcel in the safe until he could apply for and obtain a search warrant.

**Investigators Locate United States Currency Inside the Parcel**

13. The next day, on May 4, 2023, Detective Garcia obtained a Jackson County, Missouri search warrant for the parcel. Detective Garcia then executed the warrant and opened the

4

parcel, as witnessed by KCPD Forensic Specialist Michelle Nordyke. Upon opening the parcel, Detective Garcia observed a "10 Pack Animal Crackers" box located underneath bubble wrap. Detective Garcia noticed that the animal crackers box had been sealed with a large amount of clear tape, indicating it had previously been opened. Detective Garcia cut the tape, opened the lid of the box, and observed packages of animal crackers. However, upon removing the packages of crackers, Detective Garcia located a large bundle of United States currency. The bundle appeared to consist entirely of one-hundred-dollar bills.

14. Based on Detective Garcia's training and experience, he recognized the manner in which the United States currency was concealed to be consistent with the way proceeds of illegal narcotics are commonly packaged for transport or shipping. Moreover, based on my training and experience, I personally know that drug traffickers often package United States currency in this manner to attempt to conceal the odor of illegal narcotics on the currency and therefore avoid detection by trained narcotics canines.

15. In addition, as discussed above, I know that the parcel's destination, Los Angeles, California, is a source city for illegal narcotics. Based upon my training and experience, I further know that proceeds of drug trafficking generated in the northern and eastern regions of the United States are generally routed to source states in the west and along the southern border—like California. I also know that couriers often use mail delivery methods to facilitate this movement, due to the lax identification requirements and lack of security. In this case, the parcel originated in the Kansas City area, and thus was being routed from east to west, with a final destination in California, a border state and area known to be connected to drug production and illegal drug distribution.

5

16. Investigators conducted additional searches of the parcel's listed shipper and recipient to obtain further information. Investigators conducted a Google search of the shipping address (2719 North 28th Street, Kansas City, Kansas), which returned results for a residential home. A subsequent law enforcement database search confirmed that an individual named Kalin Lenoir was associated with this address.

17. Investigators also conducted a law enforcement database search of Lenoir, which revealed, as discussed above, that Lenoir has a prior drug conviction, and, further, that he was previously believed by law enforcement to be a multi-kilogram dealer of cocaine and crack cocaine operating in the Kansas City metropolitan area.

18. Investigators also conducted a Google search of the recipient address of 3006 South Vermont Avenue, Apt. 200, Los Angeles, California. The search revealed that the address belonged to a company named Village Mailbox in Los Angeles, California. Investigators located the telephone number for Village Mailbox, called the number, and spoke to the owner of the business, identified as Edward Chong. Chong informed investigators that there were no current renters of postal box 200.[1] Chong also confirmed that he does not have a customer with the name David Smith who rents a postal box at Village Mailbox. Chong further informed investigators that postal box 200 has not been rented to anyone since 2019-2020.

19. The name of the recipient of the parcel, "David Smith," is a very common name and, without additional identifiers, is difficult to narrow down. However, based on the above-referenced searches and investigators' conversations with Chong, I believe the name David Smith is, in this instance, a fictitious name. Based on my training and experience, I know that drug traffickers often utilize fictitious names, aliases, and addresses to avoid detection and thwart law

---

[1] Although the recipient address referenced "Apt 200," because the search revealed that the address belonged to a mailbox supplier—and not an apartment complex—investigators inquired about the renter of postal box 200.

6

enforcement by concealing their true identity and whereabouts. Based on my investigation, training, and experience, and the facts set forth above, I therefore believe Lenoir used fictious information on the parcel, including a fictitious address and recipient name to attempt to complete a drug-related transaction by mail and avoid law enforcement detection. Furthermore, based upon my training and experience, I believe that, had the parcel not been interdicted, the intended recipient would have monitored the status of the delivery using the parcel's tracking number, waited outside the Village Mailbox store, and intercepted the package when it arrived.

20. KCPD's Property and Evidence Section conducted a count of the United States currency located in the parcel prior to taking custody. The United States currency in the parcel totaled $30,100. The United States currency was left in custody of the KCPD's Property and Evidence Section, located at 2645 Brooklyn Avenue, Kansas City, Missouri, which is within the Western District of Missouri.

21. The number of bills, corresponding denominations, and total amount of United States currency in the parcel is summarized in the below chart:

| Number of Bills | Denomination of Bills | Total |
|---|---|---|
| 301 | $100 | $30,100 |
| **TOTAL** | | $30,100 |

22. On May 4, 2023, the Jackson County, Missouri Prosecutor's Office was notified of KCPD's seizure of the parcel. All applicable reports and seizure forms were forwarded to the assigned prosecutor. That same day, KCPD was notified via email that the Jackson County Prosecutor's Office had declined to seek forfeiture of the United States currency seized from the parcel.

## APPLICABLE FORFEITURE AND SEIZURE PROVISIONS

23. I am advised that, in a forfeiture case, the Government has the initial burden of establishing probable cause to believe that a substantial connection exists between the property and the criminal activity (in this case, proceeds from distribution of a controlled substance or controlled analogue, or money used to facilitate illegal drug distribution in violation of 21 U.S.C. § 841). *See United States v. One 1987 Mercedes Benz 300E*, 820 F. Supp. 248, 251 (E.D. Va. 1993). "Probable cause" means a reasonable ground for belief beyond mere suspicion, but need not amount to prima facie proof. *Id.* at 251-52. In making the probable cause determination, courts may consider even information that might be inadmissible hearsay at trial. *Id.*

24. I am further advised that 21 U.S.C. § 853(f) authorizes the issuance of seizure warrants for criminal forfeitures. Further, 21 U.S.C. § 853(a)(1) subjects to criminal forfeiture any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of violating federal narcotics laws, and 21 U.S.C. § 853(a)(2) provides for criminal forfeiture of facilitating property.

25. I am also advised that 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(B) and (a)(3) authorize the issuance of seizure warrants for civil forfeitures. Further, 21 U.S.C. § 881(a)(6) provides for forfeiture of money furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate a violation of Sub-Chapter II of Chapter 13, Title 21.

## CONCLUSION

26. Based on the ongoing nature of this investigation, I request that the application, affidavit, warrant, and associated documents be sealed.

27. Based on the facts and reasonable inferences set forth in this affidavit, I submit that probable cause exists to believe that the $30,100 in United States currency constitutes or is derived from proceeds of illegal drug distribution, or was used or intended to be used to facilitate illegal drug distribution, in violation of 21 U.S.C. § 841, *et seq.* and constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, or all money used or intended to be used to facilitate a violation of 21 U.S.C. § 841, *et seq.* and therefore and is subject to forfeiture pursuant to 21 U.S.C. §§ 853 (criminal forfeiture) and 881(a)(6) (civil forfeiture).

FURTHER AFFIANT SAYETH NAUGHT.

Brandon Soles
Special Agent
Drug Enforcement Administration

Subscribed and sworn to me telephonically this __18th__ day of May 2023.

By telephone at 2:20 pm

HONORABLE W. BRIAN GADDY
United States Magistrate Judge
Western District of Missouri